UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TIMOTHY & SHEMAN BERNARD** | **CIVIL ACTION NO. 6:17-CV-1326** |
| **VS.** | **SECTION P** |
| | **UNASSIGNED DISTRICT JUDGE** |
| **CITY OF LAFAYETTE, ET AL.** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiffs Timothy and Sheman Bernard, proceeding *in forma pauperis*, filed the instant civil rights complaint on October 13, 2017. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

The plaintiffs are not represented by legal counsel. Their suit against Terry Huval, Mike Vidrine, Louis J. Perret, Judge Edward D. Rubin, Judge David M. Smith, Judge Douglas J. Saloom and Edward P. Mouton alleges damage to their family property. While the Complaint does not allege any dates, nor set forth any specific factual allegations, a review of the presumptively reliable published jurisprudence of the State of Louisiana reveals that in October 30, 2008, Louisiana Consolidated Government completed drainage improvements on the Bernards' property, which they allege caused erosion and a hazardous sink hole. According to the Third Circuit Court of Appeal in the first suit filed by plaintiffs regarding this issue, the date of the completion of the project is not in dispute. *Bernard v. Lafayette City-Parish Consol. Gov't*, 11-816 (La.App. 3 Cir. 12/7/11), 80 So.

3d 665, 667.

The plaintiffs have also filed a previous suit in this Court, *Bernard v. Lafayette Consol. Gov't,* No. 6:13-cv-2339 (W.D. La. 2013), naming as defendants the Lafayette Consolidated Government LUS, Public Works Department Lafayette Consolidated Government ("Lafayette") and J. Alfred Mouton Realty. This Court found that it lacked subject matter jurisdiction, as the plaintiffs did not allege that the parties were diverse in citizenship or that the amount in controversy exceeded the statutory threshold, and the only statute cited in their complaint was a Louisiana Civil Code article pertaining to fraud. *Id.* at Rec. Doc. 16, p. 6; see also Rec. Doc. 15, p. 6. Moreover, the Court found that the allegations set forth in the plaintiffs' complaint against Lafayette were "so vague and so lacking in factual underpinnings that the complaint fail[ed] to allow the undersigned to draw the reasonable inference that Lafayette is liable for plaintiffs' claimed damages." *Id.* at Rec. Doc. 16, p. 12. Finally, it found that plaintiffs failed to state a claim against Mouton that was timely. *Id.* at Rec. Doc. 15, pp. 10-13.

In this matter presently before this Court, plaintiffs allegations involve the same damage to their family property alleged in the previous suits, however, their claims are brought pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, the Safe Drinking Water Act and the Clean Water Act.

*Law and Analysis*

*1. Screening*

Plaintiffs have been permitted to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. This complaint is therefore subject to the screening provisions of 28 U.S.C.

§ 1915(e)(2)(B), which imposes a screening responsibility on the district court when the plaintiff has been granted IFP status. The statute provides in relevant parts a follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir.2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); see also *Benson v. O'Brian*, 179 F.3d 1014, (6th Cir.1999) (complaints in actions not pursued *in forma pauperis* are not subject to "screening" under § 1915(e)(2)); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998) (same).

Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

3

### 2. *Defendant Edward P. Mouton*

In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). In order to prove the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). In § 1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's 'state action' requirement and § 1983's 'under color of state law' requirement collapse into a single inquiry. Id." *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203 (5th Cir.1996).

The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor. *Landry v. A-Able Bonding, Inc.*, *supra*, at 203-04 (*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). Edward P. Mouton, a private realtor, is not a state actor and therefore, claims against this defendant are frivolous.

### 3. *Judicial Defendants*

To the extent that the plaintiff seeks money damages from Edward D. Rubin, David M. Smith and Douglas J. Saloom, judges of the Fiffteenth Judicial District and Lafayette City Court, such claims are also frivolous. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The

Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir. 1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985). As plaintiff has failed to allege facts that establish that the actions of Judge Edward D. Rubin, Judge David M. Smith, and/or Judge Douglas J. Saloom occurred outside of normal judicial functions, outside of either their chambers or the court, these defendants should be dismissed.

### 4. *Clerk of Court*

Plaintiff has also named the Lafayette Parish Clerk of Court, Louis J. Perret, as a defendant. While the allegations are difficult to decipher, plaintiffs seem to claim that Perret is liable for the actions of the judges of the Fifteenth Judicial District Court, staff employees, and reporters. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). To the extent that plaintiffs attempt to state a claim against Louis J. Perret for any actions of any employees of the Fifteenth Judicial District Court, their claims fail as they have not alleged facts to establish either personal

involvement or the implementation of unconstitutional policies by the defendant.

Moreover, The Fifth Circuit has held that court personnel - including the Clerk of Court - are entitled to absolute immunity from suit to the extent that they are acting at the judge's direction. *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir.2001) (holding that court clerks are entitled to absolute immunity for acts they are specifically required to do under court order or at a judge's discretion). Thus, to the extent that actions taken by Perret with respect to plaintiffs' suit filed in the Fifteenth Judicial District Court were done at the direction of the judge, the Clerk is immune from suit.

### 5. *Defendant Terry Huval*

Plaintiffs bring §1983 claims against Terry Huval, Director of Lafayette Utilities System, stemming from damage allegedly sustained by their family property by the conduct of Lafayette Utilities System. As discussed above, previous lawsuits filed by plaintiffs establish that the work was completed on October 30, 2008. The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff's first suit against Lafayette Consolidated Government regarding damage to this property due to construction of a drainage adjacent to their property was filed in the Fifteenth Judicial District Court in Lafayette Parish in October 2010. Plaintiffs clearly had knowledge of any constitutional violation by LUS at that time. Therefore, any claims against Terry Huval, related to same are prescribed.

### 6. *Defendant Mike Vidrine*

Plaintiffs' claims against Mike Vidrine, Director of The Department of Health and Hospitals, are brought pursuant to 42 U.S.C. § 1983, the Americans with Disabilites Act ("ADA"), the Safe Drinking Water Act ("SDEA) and Clean Water Act ("CWA"). Attached to the Complaint, plaintiffs attach as exhibits the following: (1) Correspondence dated August 8, 2014, from Tiffany Sonnier, R.S., Sanitarian Director- Region 4, State of Louisiana, Department of Health and Hospitals, regarding their July 21, 2014 attempt to investigate the property [Rec. Doc. 1-1, p. 10]; (2) Correspondence dated October 9, 2014, from Christina Grantham, Director of Constituent Services, State of Louisiana, Office of the Governor, acknowledging receipt of plaintiffs' correspondence to them regarding a "health and hospitals issue," and informing them that their correspondence had been forward to the Department of Health and Hospitals [Rec. Doc. 1-1., p. 11]; and (3) Correspondence dated May 6, 2015, from Jake Causey, P.E., Chief Engineer, State of Louisiana, Department of Health and Hospitals, responding to plaintiffs' concerns regarding the septic system on their property and reporting the that following a site visit, engineers did not identify any sewage discharge or water leaks. [Rec. Doc. 1-1, p. 12]

It is clear from the exhibits relied upon by plaintiffs in support of the instant complaint, that they had knowledge of the facts that would support a claim against Mike Vidrine in 2014, when they

contacted the Department of Health and Hospitals. For the same reasons discussed in the previous Section, plaintiffs' claims against Mike Vidrine pursuant to 42 U.S.C. § 1983, are prescribed.

The Clean Water Act is a pollution control statute that establishes a comprehensive program designed to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To achieve this goal, the CWA prohibits the discharge of pollutants, including dredged or fill material, into navigable waters unless authorized by a CWA permit. 33 U.S.C.§ 1311(a). The term "waters of the United States" establishes the "jurisdictional limits of the authority of the Corps of Engineers under the Clean Water Act." 33 C.F.R. § 328.1. The Federal Code of Regulations, 33 C.F.R. § 328.3(a), defines "waters of the United States" to include, among others, (i) traditional navigable waters, that is, "waters which are currently used, or were used in the past, or may be susceptible to use in interstate or foreign commerce," 33 C.F.R. § 328.3(a)(1), (ii) tributaries of covered waters, including traditional navigable waters, § 328.3(a)(5), and (iii) wetlands adjacent to covered waters, including tributaries, § 328.3(a)(7). See 33 C.F.R. § 328.3(a). Plaintiffs allegations involve the alleged discharge of improperly treated sewage onto their personal property, not "waters of the United States." Accordingly, they have failed to state a claim under The Clean Water Act.

The Safe Drinking Water Act, 42 U.S.C.A. §§ 300f et seq., was passed in 1974 to establish uniform quality standards for the approximately 240,000 public water systems in the United States to reduce contamination in drinking water. Public drinking water suppliers in the United States are under a duty to provide their customers with drinking water that meets federal quality standards established under the provisions of the SDWA." Robert W. Vinal, J.D., Citizens' Suits Under the Safe Drinking Water Act, 67 Am. Jur. Proof of Facts 3d 95 (2002). Plaintiffs' complaint is vague

and makes only conclusory allegation regarding the DHH Director's "failure to prevent untreated and improperly treated sewage from being discharged into environment." [Rec. Doc. 1, p. 6] Regardless of whether a plaintiff proceeds pro se or is represented by counsel, pleadings must show specific, well plead facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). They allege no facts that, if proven, would establish that their drinking water has been compromised by any act of the Department of Health and Hospitals. Accordingly, they have failed to state a claim for relief.

Finally, plaintiffs invoke the Americans with Disabilities Act ("ADA"), alleging that by virtue of the restraining order prohibiting them from being 200 feet from the Offices of Public Health in Lafayette and Baton Rouge, they have been prohibited from "public accommodations, public facilities and Federally assisted programs." [Rec. Doc. 1, p. 7] Title III of the ADA, which applies to public accommodations, establishes the general rule that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Plaintiffs do not allege that they are disabled or that they were discriminated against on the basis of a disability. Accordingly, they fail to state a claim under the ADA.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana February 27, 2018.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**